## **SETTLEMENT AGREEMENT AND RELEASE**

Cassway Contracting Corp. ("Defendant"), and Sadio Sania ("Sania"), desire to avoid the costs, risks, and delays associated with litigation and therefore agree as follows:

1. **Definition of Parties**.

    a.  "Plaintiff" shall be defined as Sadio Sania.

    b.  Plaintiff Sadio Sania was employed by Defendant Cassway Contracting Corp.

    c.  "Defendant" shall be defined as Cassway Contracting Corp.

    d.  "Action" or "Lawsuit" refers to the lawsuit filed by Plaintiff against Defendant on February 14, 2020, in the United States District Court, Southern District of New York, with Civil Action #: 20-CV-01311 (PED).

2. **Consideration**. In consideration for Mr. Sania's signing this Agreement and the release of all claims herein, Defendant Cassway Contracting Corp. agrees to make the following payments totaling Thirty-Five Thousand Dollars ($35,000.00) (the "Settlement Amount"):

    a.  A check made payable to "Sadio Sania" in the amount of Eleven Thousand, Five Hundred, Ten Dollars and Zero Cents ($11,510.00), less applicable taxes and withholdings, to be reported on an IRS Form W-2, due within thirty (30), days of the court's approval of this settlement agreement;

    b.  A check made payable to "Sadio Sania" in the amount of Eleven Thousand, Five Hundred, Twelve Dollars and Zero Cents ($11,512.00), representing liquidated and other damages, to be reported on an IRS Form 1099-MISC (Box 3), due within thirty (30), days of court approval of this settlement agreement;

    c.  A check made payable to "Abdul Hassan Law Group, PLLC," in the amount of Eleven Thousand, Nine Hundred, Seventy-Eight Dollars and Zero Cents ($11,978), representing payment of a 1/3 contingency fee ($11,510) plus costs ($468), to be reported on an IRS Form 1099-MISC (Box 14), due within thirty (30), days of court approval of this settlement agreement;

The payments above shall be sent to the office of Plaintiff's counsel Abdul K. Hassan, Esq., located at 215-28 Hillside Avenue, Queens Village, NY 11427.

3. **Plaintiff's Responsibility for Taxes**. Plaintiff shall be responsible to report her portion of the Settlement Amount to all federal, state and local taxing authorities consistent with the tax characterization set forth in this Agreement and shall be solely responsible for all taxes, interest, and penalties due with respect to Plaintiff's receipt of her portion of the Settlement

1

Amount, reported on an IRS Tax Form 1099 and made pursuant to this Agreement. Plaintiff agrees to indemnify, defend, and hold the Defendants, and Abdul Hassan Law Group, PLLC, harmless from and against any and all taxes, interest, penalties, that may be incurred by or imposed on the Defendants as a result of Plaintiff's failure to timely pay such taxes. Plaintiff has not relied upon any advice from the Defendants, their counsel or from Abdul Hassan Law Group, PLLC as to the taxability or tax treatment of his portion of the Settlement Amount received pursuant to this Agreement.

3. **No Consideration Absent Execution of This Agreement**. Plaintiff understands and agrees he would not receive the monies and/or benefits specified in Paragraph 2 above, except for his execution of this Agreement and the discontinuance of the Action with prejudice.

4. **Dismissal of Pending Action**. Following the execution of this Agreement by each of the Parties, the Plaintiff's counsel will file a motion requesting the Court to approve the settlement (as set forth in this Agreement) pursuant to the legal standards applicable in the Southern District of New York for settlements of FLSA and NYLL wage and hour claims. That motion shall request that the Court approve the Agreement and adopt and enter the Stipulation and Order of Dismissal with Prejudice (the "Order"), which is annexed as Exhibit "A". The Parties shall cooperate and take all necessary steps to arrange for the Court's approval of the terms of this Agreement and entry of the Order.

5. **Release of Claims by Plaintiff**. In return for the payments identified in paragraph 2, Plaintiff knowingly and voluntarily releases and forever discharges Defendant of and from any and all claims and claims asserted in this action, as of the date of execution of this Agreement, consistent with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

For and in consideration of the mutual promises contained herein, Plaintiff fully and finally releases Defendant and Defendant's officers, directors, shareholders, members, affiliates, parents, agents, servants, employees, successors, heirs, executors, administrators (the "Releasees") from any and all claims Plaintiff, his heirs, executors, administrators, successors and assigns have or may have against Defendant as of the date of this Agreement, whether asserted or unasserted, that were pled or could have been pled, which arise from the non-payment of wages for hours worked, minimum wage, overtime work performed, break time, tips, missed meal or rest periods, spread of hours pay or violations of any and all laws concerning hours worked or payment of wages or overtime, including, without limitation, claims under the federal Fair Labor Standards Act (FLSA), the New York Labor Law (NYLL), or any other federal, state, or local wage and hour laws, including claims for wages, overtime pay, tips, spread of hours pay, notice requirements, commissions, benefits, bonuses, receipt of required documentation, liquidated damages, penalties, interest, and the like whenever accruing, punitive damages, or conversion (the "Released Claims").

Notwithstanding the foregoing, the Parties agree that Plaintiff's release and waiver of Released Claims and covenant not to sue excludes: (i) any Claim arising out of or attributable to events, acts, or omissions that occur after Plaintiff's execution of this Agreement; (ii) any Claim by Plaintiff to enforce this Agreement; and (iii) Claims that cannot be waived or released as a matter of law, such as Claims for unemployment insurance benefits or workers' compensation

Doc ID: 50ec7550e2a05a123487dcd63e44ac7f7b075caa

benefits. Nothing contained in this release shall operate to prevent Plaintiff from providing truthful information to a governmental agency.  However, Plaintiff shall not be entitled to recovery of any additional damages, monetary or otherwise, as a result of any charges or proceedings that may be brought against any defendant in the Action.  Plaintiff acknowledges that this Agreement will bar recovery in any forum for any claims that are the subject matters of the waivers and releases set forth herein, and that Plaintiff will neither seek nor accept any moneys for any claim or cause of action that is the subject matter of those waivers and releases.  Further, this Agreement shall be deemed a full accord, satisfaction and settlement of the claims settled, released, and waived herein, and shall constitute a sufficient basis for immediate dismissal of such claims.

6. **Acknowledgments and Affirmations**.  Plaintiff affirms that in the Action he has asserted a claim in seeking unpaid wage or overtime pay under the Fair Labor Standards Act, the New York State Labor Law, and/or any other law, regulation or basis and affirms that there is a bona fide dispute as to all such claims and that all such claims are being settled and released by this Agreement.  Plaintiff believes that this settlement is fair and reasonable, and authorizes his attorney to seek from the Court approval of the settlement as fair and reasonable under the FLSA, and dismissal of the Action with prejudice.

7. **Governing Law and Interpretation**.  This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions.  In the event the Plaintiff or Defendant breaches any provision of this Agreement, Plaintiff and Defendant affirm that either may institute an action to specifically enforce any term or terms of this Agreement.

8. **Amendment**.  Except as provided in Paragraph 6 above, this Agreement may not be modified, altered or changed without the express written consent of both parties wherein specific reference is made to this Agreement.

9. **Resolution of Disputes**.  The parties agree that the Court in this action shall retain jurisdiction to resolve any disputes arising out of this Settlement Agreement and the settlement of this action.

10. **Non-admission of Wrongdoing**.  The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

11. **Entire Agreement**.  This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties.  Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement, and Plaintiff's consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreement's contents.

Doc ID: 50ec7550e2a05a123487dcd63e44ac7f7b075caa

12.     **Section Headings**.  Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

13.     **Legal Fees**.  Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

14.     **Joint Participation in Preparation of Agreement.**  The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement.  Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party.  This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

15.     **Competency to Waive Claims**.  At the time of considering or executing this Agreement, Mr. Sania was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired.  Mr. Sania is competent to execute this Agreement.

16.     **Execution In Counterpart**.  This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.  Further, the headings of the paragraphs herein are included for reference only and are not intended to affect the interpretation of the Agreement

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

**PLAINTIFF:**                                                                  **DEFENDANT:**

**SADIO SANIA**                                                          **CASSWAY CONTRACTING CORP.**

By: *Sadio Sania*                                                           By:_____

Date:  09 / 22 / 2021                                                    Print Name _____

                                                                                        Title_____

                                                                                        Date: _____

12. **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

13. **Legal Fees**. Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

14. **Joint Participation in Preparation of Agreement.** The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

15. **Competency to Waive Claims**. At the time of considering or executing this Agreement, Mr. Sania was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Mr. Sania is competent to execute this Agreement.

16. **Execution In Counterpart**. This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement. Further, the headings of the paragraphs herein are included for reference only and are not intended to affect the interpretation of the Agreement

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

**PLAINTIFF:**

**SADIO SANIA**

By: _____

Date: _____

**DEFENDANT:**

**CASSWAY CONTRACTING CORP.**

By: _JAMES CASSIDY_

Print Name _JAMES CASSIDY_

Title _President_

Date: _09/24/2021_

4

# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Sadio Sania,<br><br>      Plaintiff,<br><br>-v-<br><br>Cassway Contracting Corp.,<br><br>      Defendant. | Civ. Action #: 20-CV-01311 (PED)<br><br>**STIPULATION OF DISCONTINUANCE WITH <u>PREJUDICE</u>** |

  **IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel for all parties in this action, that this action having been resolved by the parties, and whereas, no party hereto is an incompetent, this action is hereby discontinued with prejudice pursuant to Federal Rules of Civil Procedure ("FRCP") including to FRCP 41(a)(1)(A)(ii), provided that the settlement payments are made in accordance with the settlement agreement approved by the Court in this action and the Court in this action shall retain jurisdiction to resolve any disputes arising out of this Settlement Agreement and the settlement of this action.

  **IT IS FURTHER STIPULATED AND AGREED**, that PDF and facsimile copies of this Stipulation shall have the same force and effect as the original.

Dated: Queens Village, New York
   September 29, 2021

| | |
|---|---|
| Abdul Hassan Law Group, PLLC<br>Attorneys for Plaintiff<br><br>By: _/s/ Abdul Hassan_<br>Abdul K. Hassan, Esq.<br>215-28 Hillside Avenue<br>Queens Village, NY 11427<br>Tel: 718-740-1000<br>Fax: 718-740-2000<br>Email: abdul@abdulhassan.com | Rivkin Radler, LLP<br>Attorneys for Defendants<br><br>By: _/s/_<br>Mr. John Diviney, Esq.<br>926 RXR Plaza,<br>Uniondale, NY 11556-0926<br>Tel: 516-357-3000<br>Fax: 516-357-3333<br>Email: John.Diviney@rivkin.com |